**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AKANIMO AKPAN, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. _____ |
| SZ ORLAND PARK, LLC, a Delaware limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## <u>NOTICE OF REMOVAL</u>

Defendant SZ Orland Park, LLC ("Sky Zone" or "Defendant"), by and through its undersigned attorneys, Foley & Lardner LLP, hereby respectfully removes the instant case from the Circuit Court of Cook County, Illinois, where it is captioned *Akanimo Akpan v. SZ Orland Park, LLC*, Case No. 19 L 14272, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1441.

Sky Zone removes this case to this Court pursuant to 28 U.S.C. § 1441(b) because the United States District Court has original jurisdiction over the case under 28 U.S.C. § 1332 as it involves citizens of different States and the amount in controversy exceeds $75,000. In support of this notice of removal, and in accordance with 28 U.S.C. § 1446, Sky Zone states as follows:

## I.  Introduction

1.      After initially improperly filing his lawsuit on December 27, 2019 without properly exhausting the required administrative processes[1], Plaintiff Akanimo Akpan ("Akpan") filed this complaint ("Complaint" or "Compl.") in the Circuit Court of Cook County, Illinois, Case No. 19 L 14272 on July 13, 2021.  Sky Zone was served on July 26, 2021. Exhibit A – Ward Declaration at ¶ 2. Thus, removal to this Court is timely, as this Notice of Removal is filed within thirty (30) days after service of the initial pleading on which this action is based. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999).

2.      A true and correct copy of all process, pleadings, and orders sent to Sky Zone is, in accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibit B. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court for Cook County, Illinois today and is being served on Plaintiff.

3.      This action is pending in the Circuit Court for Cook County, Illinois, which is within this judicial district.  *See* 28 U.S.C. § 93.  This Court is thus the proper venue for removal under 28 U.S.C. §§ 1441(a).

## II.  This Case Is Properly Removed Because This Court Has Diversity Jurisdiction

4.      This Court has original jurisdiction over the parties' dispute pursuant to 28 U.S.C. § 1332, and it therefore may be removed to this Court pursuant to 28 U.S.C. §1441(b).

5.      On information and belief, Plaintiff Akpan is a natural person and a citizen of the state of Illinois. *See* Complaint. Accordingly, Akpan is a citizen of Illinois for purposes of 28 U.S.C. § 1332(a)(1).

---

[1] Sky Zone intends to address these fatal defects pursuant to a motion brought under Fed. R. Civ. P. 12 immediately following removal.

4831-6566-1685.2

6.      Defendant Sky Zone is a Delaware limited liability company with its principal place of business located in Provo, UT. Ex. A - Ward Decl. at ¶ 4.

7.      In addition, since limited liability companies are also citizens of every state of which any member is a citizen, the citizenship of the Sky Zone's members is as follows (*See* Ex. A - Ward Decl. at ¶ 4):

a.      Sky Zone, LLC is the sole member of Sky Zone. Sky Zone, LLC is a Nevada limited liability corporation with its principal place of business in Los Angeles, CA.

b.      CircusTrix Holdings, LLC is the sole member of Sky Zone, LLC. CircusTrix Holdings, LLC is a Delaware limited liability corporation with its principal place of business in Provo, UT.

c.      Trampoline Acquisition Holdings, LLC is the sole member of CircusTrix Holdings, LLC. Trampoline Acquisition Holdings, LLC is a Delaware limited liability corporation with its principal place of business in New York, NY.

d.      Trampoline Acquisition Parent Holdings, LLC is the sole member of Trampoline Acquisition Holdings, LLC. Trampoline Acquisition Parent Holdings, LLC is a Delaware limited liability corporation with its principal place of business in New York, NY.  Shareholders own Trampoline Acquisition Parent Holdings, LLC.

8.      Accordingly, Sky Zone is a citizen of the states of Delaware, California, Utah, and New York for purposes of 28 U.S.C. § 1332(a)(1).

9.      Akpan proceeds in this case *pro se*. As such, the Complaint does not specifically list the relief Akpan seeks, or even the specific causes of action under which he proceeds. *See generally* Compl. However, Akpan generally alleges wrongful termination, and further alleges

3

that the termination was at least partially because of racial profiling. *Id.* Assuming a cause of action for unlawful discrimination resulting in termination, claims for relief typically include: (1) lost wages and benefits; and (2) damages for embarrassment, humiliation, and emotional distress.

10. In determining whether the diversity jurisdiction threshold amount in controversy of $75,000 is satisfied, district courts consider the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Ricker*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

11. With respect to Akpan's claims, the amount in controversy exceeds $75,000.

12. "When calculating a potential back-pay award, federal and state courts in Illinois have estimated what a plaintiff would have earned from the time her employment ended until trial." *Epstein v. Target Corp.*, No. 06 C 7035, 2007 U.S. Dist. LEXIS 11680, at 6 (N.D. Ill. Feb. 15, 2007). Federal courts' most recent statistics show that the average time from filing through trial in the Northern District of Illinois is 48.1 months. *See* United States Courts, <u>U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics</u>, (June 20, 2021), https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf. As a Flight Crew member, Akpan's hourly rate of pay was $10.00/hour. Ex. A - Ward Decl. at ¶ 5. Assuming a conservative 40 hour workweek and allowing 2 weeks of vacation per year, Akpan's potential back pay is: $10.00/hour x 40 hours/week x 200 weeks[2] = **$80,000**. This amount does not include any potential overtime Akpan may have been scheduled to work. Even with this

---

[2] 200 weeks represents approximately 48 months with 2 weeks of vacation every 12 months, the average time from filing through trial in this District.

4831-6566-1685.2

conservative calculation, Akpan's back pay alone satisfies the amount in controversy requirement.

13.     Federal courts also consider compensatory damages for claims of emotional distress, as Akpan may claim here, as properly includable in the amount in controversy calculation. *McCoy v. GMC*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002). Illinois state courts have awarded upwards of $25,000 – $75,000 for emotional distress in unlawful discrimination cases. *See Blount v. Stroud*, 395 Ill. App. 3d 8, 11, 915 N.E.2d 925, 931 (2009); *Cook Cty. Sheriff's Office v. Cook Cty. Comm'n on Human Rights*, 2016 IL App (1st) 150718, ¶ 25, 53 N.E.3d 1144, 1152.

14.     Thus, considering only Akpan's potential back pay and emotional distress damages, the monetary relief Akpan seeks easily exceeds $75,000.

15.     Accordingly, since there is complete diversity and the amount in controversy is satisfied, this action may be properly removed to this Court, and no further proceedings should be had in the state court.

## IV.     Conclusion

16.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Sky Zone of any fact alleged by Akpan, of the validity or merits of any of Akpan's allegations, or of any liability for the same, each of which are hereby expressly denied, or as any type of express or implied waiver or limitation of Sky Zone's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.  Further, by filing this Notice of Removal, Sky Zone does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other procedural and substantive defenses which are available to it.

4831-6566-1685.2

WHEREFORE, Defendant SZ Orland Park, LLC removes this case to the United States District Court for the Northern District of Illinois, Eastern Division, respectfully requests that no further proceedings be had in the Circuit Court for Cook County, Illinois, and requests that this Court grant such other and further relief as it deems just and proper.

Dated:  August 25, 2021                    Respectfully submitted,


<u>/s/ Patrick J. McMahon</u>
Christopher Ward
Patrick J. McMahon
cward@foley.com
pmcmahon@foley.com
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
312.832.4500
312.832.4700

*Attorneys for SZ Orland Park, LLC*

4831-6566-1685.2

## CERTIFICATE OF SERVICE

I, Patrick J. McMahon, an-attorney, hereby certify that on August 25, 2021, I caused the

foregoing NOTICE OF REMOVAL to be served on the following parties, by First Class U.S.

mail, postage prepaid, properly addressed to:

Akanimo Akpan
825 Hamlin Ave
Flossmoor, IL 60422

/s/ Patrick J. McMahon
Patrick J. McMahon

4831-6566-1685.2